OLIVE E. WYMAN *vs.* EDWARD E. NEWLAND, Appellant.

Cumberland. Opinion March 5, 1909.

*Appeal. When Same Must be Taken. Entering Appeal. When Appeal may be Allowed. Sureties not Required When not Requested. Statute, 1856, chapter 204, section 6. Revised Statutes, chapter 85, sections 17, 18.*

In relation to appeals in civil actions in inferior courts, Revised Statutes, chapter 85, sections 17 and 18, provide as follows:

"Sec. 17. Any party aggreived by the judgment of the justice, may appeal to the next supreme judicial or superior court in the same county, and may enter such appeal at any time within twenty-four hours after the judgment, Sunday not included ; and in that case no execution shall issue, and the case shall be entered and determined in the appellate court.

"Sec. 18. Before such appeal is allowed, the appellant shall recognize with sufficient surety or sureties to the adverse party, if required by him, in a reasonable sum, with condition to prosecute his appeal with effect, and pay all costs arising after the appeal."

*Held :* 1. That the appeal must be entered within twenty-four hours after judgment.

2. That to enter the appeal means to claim it or notify the clerk, if there be a clerk, that an appeal is desired, and is the only appellate act which must be done within the twenty-four hours.

3. That it is not necessary for the appellant to "recognize with sufficient surety or sureties" unless required by the adverse party and if he does not request it the appeal is perfected without.

4. That the allowance of the appeal is a judicial act which may be done, after the acts required to be taken by the appellant are completed, at any time prior to the return term of the appellate court.

5. That if the adverse party requires the appellant to recognize "with sufficient surety or sureties," he may request the trial court to fix a day on or before which the recognizance shall be filed.

Where the Municipal Court of Portland, Cumberland County, rendered judgment for the plaintiff October 1, 1907, and the defendant within twenty-four hours after judgment appealed to the Superior Court in said county at its next term to be held in November, 1907, and sureties were required by the plaintiff and which sureties were furnished October 3, 1907, and copies of the records and all the papers filed in the cause were entered of record in said Superior Court at said November term, and at said term the plaintiff

filed a motion to dismiss on the ground that the appeal was not entered and allowed in the Municipal Court within twenty-four hours after judgment, it was *held* that the appeal was properly taken and allowed in the Municipal Court and that the Superior Court had jurisdiction of the case.

On exceptions by defendant.    Sustained.

Action of assumpsit originally commenced in the Municipal Court for the city of Portland where a hearing was had on October 1, 1907, and judgment rendered for the plaintiff from which judgment on the same day the defendant claimed an appeal to the Superior Court of the County of Cumberland, at the term next to be held on the first Tuesday of November, 1907. Special sureties having been required by the plaintiff, the defendant entered into a recognizance with sureties to prosecute his appeal with effect and pay all costs that might be rendered against him arising after the appeal. Sureties were furnished October 3, 1907. Copies of the records and all the papers filed in the cause were entered of record in the Superior Court at the said November term. On the 16th day of December, 1907, the plaintiff filed a motion to dismiss on the ground that the appeal of the action from the Municipal Court, where it was first entered and tried, was not entered and allowed within twenty-four hours after judgment, in accordance with the provisions of the statute and that the action, therefore, was not within the jurisdiction of the Superior Court. The motion was sustained and the appeal dismissed by the Justice of the Superior Court to which ruling the defendant excepted.

The case is stated in the opinion.

*Frank H. Haskell*, for plaintiff.

*Dennis A. Meaher*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

PEABODY, J.    This was an action of assumpsit originally commenced in the Municipal Court for the city of Portland where a hearing was had on October 1, 1907, and judgment rendered for the plaintiff, from which judgment on the same day the defendant

claimed an appeal to the Superior Court of the County of Cumberland, at the term next to be held on the first Tuesday of November, 1907. Special sureties having been required by the plaintiff, the defendant entered into a recognizance with sureties to prosecute his appeal with effect and pay all costs that might be rendered against him arising after this appeal. Sureties were furnished October 3, 1907. Copies of the records and all the papers filed in the cause were entered of record in the Superior Court at the November term.

On the 16th day of December, 1907, the plaintiff filed a motion to dismiss on the ground that the appeal of the action from the Municipal Court, where it was first entered and tried, was not entered and allowed within twenty-four hours after judgment, in accordance with the provisions of statute and that the action is not within the jurisdiction of the Superior Court.

The motion was sustained and the appeal dismissed by the Justice of the Superior Court to which ruling the defendant excepted.

Section 17, chapter 85, R. S., provides that "Any person aggrieved by the judgment of the justice may appeal to the next Supreme Judicial or Superior court in the same county, and may enter such appeal at any time within twenty-four hours after judgment, Sunday not included; and in that case no execution shall issue, and the case shall be entered and determined by the appellate court."

Section 18 provides that "Before such an appeal is allowed, the appellant shall recognize with sufficient surety or sureties to the adverse party, if required by him in a reasonable sum with a condition to prosecute his appeal with effect and pay all costs arising after the appeal."

Section 6, chapter 204, of the Public Laws of 1856, establishing the Municipal Court for the City of Portland, provides that "Any person may appeal from a sentence, or judgment against him to the then next term, for civil or criminal business, as the case may require, of the court having jurisdiction within said county, by appeal from justices of the peace; and such appeal shall be taken and prosecuted in the same manner as from a sentence or judgment of a justice of the peace."

The appellant claimed his appeal within twenty-four hours after judgment, but the record shows that he did not furnish a recognizance with sureties within that time.

The question to be decided is whether the recognizance on such an appeal must be made within twenty-four hours after judgment. Such security is only necessary when required by the adverse party, and if he does not request it the appeal is perfected without. *Colby* v. *Sawyer, Appellant*, 76 Maine, 545.

There is no express limitation in the statute to the time for furnishing the recognizance, nor is there any limit within which the adverse party may require it. We do not think that any should be implied from the statute which only limits the time for entering the appeal. Such a construction would violate the rule against injustice and unreason where the statutory requirement of security is only upon request of the appellee. Endlich on Int. Stat. 245. It would enable the appellee by delaying his request until the last minute to prevent the appellant from furnishing recognizance in time to complete his appeal. If it is held that the recognizance must be filed within twenty-four hours, the provisions making it dependent upon the request of the adverse party is useless. The appellant must anticipate the request and furnish recognizance when not intended by the statute.

He would be presumed to know the provision of a statute requiring his action within a time limited and of right could act at the latest moment, but his right would be impaired if delayed by the adverse party's failure to act; while the appellee is protected in every case, as the appeal will not be allowed until the recognizance is furnished, if he requires it, and he may request the trial court to fix a day on or before which it shall be filed. 1 Ency Pl. & Pr. 986-987.

The cases upon which the appellee relies present similarities to the case at bar, but all differ from it in an essential point; the statutes upon which they are based require a recognizance as a prerequisite to the completion of the appeal, while the Maine statute requires it only upon the contingency that the adverse party requests it.

It is also argued in behalf of the appellee that the entry of an appeal includes its allowance.   While this might be so under some circumstances, we think it is not the meaning within the legal interpretation of section 17, chapter 85 ; but to enter the appeal means to claim it or to notify the clerk that an appeal is desired, and is the only appellate act which must be done within twenty-four hours.   The allowance of the appeal is a judicial act which may be done after the acts required to be taken by the appellant are completed, at any time prior to the return term of the appellate court.

The appellant entered his appeal within the statutory time limit and perserved it by doing subsequently what the statute required.

*Exceptions sustained.*